01
02
03
04
05
06                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  KURT JEFFREY ANGELONE,            )   CASE NO. C09-1103-MJP
                                      )
09        Petitioner,                 )
                                      )
10        v.                          )   REPORT AND RECOMMENDATION
                                      )
11  PATRICK GLEBE,                    )
                                      )
12        Respondent.                 )
    _____   )
13

14            INTRODUCTION AND SUMMARY CONCLUSION

15      Petitioner Kurt Jeffrey Angelone proceeds *pro se* in this 28 U.S.C. § 2254 habeas action.

16  He is in custody pursuant to a 1997 conviction by guilty plea on one count of attempted first

17  degree murder. (Dkt. 18, Ex. 1.) In pleading guilty, petitioner admitted he committed the act

18  of first degree murder by stabbing the victim and stipulated he was a persistent offender for

19  purposes of Washington's Persistent Offender Accountability Act. (*Id*., Exs. 3 & 4.)

20  Snohomish County Superior Court sentenced petitioner, as a persistent offender, to life

21  imprisonment without the possibility of parole. (*Id*., Dkt. 5.)

22      Petitioner raises a number of different grounds for relief in his habeas petition. (Dkt. 7;

Dkt. 21 at 9.) Respondent filed an answer to the petition with relevant portions of the state court record. (Dkts. 17 & 18.) Respondent argues that the Court need not determine whether petitioner properly exhausted his available state court remedies because his petition is untimely under the federal statute of limitations, 28 U.S.C. § 2254(d). Petitioner objects to respondent's arguments in a reply (Dkt. 21) and seeks leave to conduct limited discovery and a temporary stay (Dkt. 14).[1]

The Court has reviewed the record in its entirety. For the reasons discussed below, the Court agrees with respondent that this action is time-barred, and recommends that petitioner's motion to conduct discovery and for a stay be denied, and that the petition be denied and this action dismissed.

Petitioner did not appeal his January 17, 1997 judgment and sentence. (*See* Dkt. 7 at 2.) Over nine years later, in February 2006, petitioner filed a personal restraint petition in the Washington Court of Appeals. (Dkt. 18, Ex. 5.) The court dismissed the petition as time-barred under RCW 10.73.090. (*Id.*, Ex. 13.) Petitioner sought review by the Washington Supreme Court. (*Id.*, Ex. 14.) The Commissioner of the Supreme Court denied review, agreeing that the petition was untimely. (*Id.*, Ex. 16.) The Supreme Court subsequently denied a motion to modify the Commissioner's ruling, and the Court of Appeals issued a certificate of finality. (*Id.*, Exs. 17-19.)

Petitioner filed a second personal restraint petition in April 2008. (*Id.*, Ex. 20.) Again, the Court of Appeals dismissed the petition as time-barred and the Commissioner of the

---

[1] Petitioner also filed a motion for an extension of time to submit his reply. (Dkt. 20.) This motion is hereby STRICKEN as moot given that plaintiff timely submitted his reply.

Supreme Court agreed with the lower court and denied review. (*Id.*, Exs. 23-25.) The Supreme Court also denied petitioner's motion to modify the Commissioner's ruling and the Court of Appeals, in April 2009, issued a certificate of finality. (*Id.*, Exs. 26-28.)

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation commences as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, the statute of limitations began to run on the date on which the judgment became final through the conclusion of direct review or the expiration of time for seeking direct review. § 2244(d)(1)(A). The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*,

REPORT AND RECOMMENDATION
PAGE -3

188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1). However, if a petitioner fails to seek direct review from the highest state court, the conviction becomes final when the time for seeking such review elapses. *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Accordingly, the end of this thirty day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). *Wixom*, 264 F.3d at 898.

The Washington Court of Appeals issued its decision on January 17, 1997. (Dkt. 18, Ex. 1.) The time for filing a notice of appeal expired thirty days later, on February 17, 1997. Wash. RAP 5.2(a). Because petitioner did not file an appeal, his judgment and sentence became final no later than February 17, 1997. *Wixom*, 264 F.3d at 897-98. The statue of limitations began to run as of that same date. It ran for 365 days and expired in February 1998 – more than eleven years before petitioner filed his federal habeas corpus petition in August 2009.

The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, in this case, petitioner did not file a personal restraint petition until February 2006. (Dkt. 18, Ex. 5.) Because the statute of limitations had expired in February 1997, some nine years earlier, the personal restraint petition did not toll the statute of limitations.

The statute of limitations is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). The Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it

impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Id*. (internal quotation marks and quoted source omitted). In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, petitioner argues, *inter alia*, that he was coerced into pleading guilty, that his imprisonment is a fundamental miscarriage of justice, and that he is innocent. However, even assuming they could provide a basis for equitable tolling in this case, petitioner failed to provide sufficient support for these contentions. Nor does petitioner otherwise demonstrate extraordinary circumstances beyond his control inhibiting his ability to timely pursue his claims and entitling him to the equitable tolling of the federal statute of limitations.

Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his petition is time-barred. There is no basis for plaintiff's request for discovery, a temporary stay, or an evidentiary hearing. The Court, therefore, recommends that plaintiff's motion for discovery and a stay (Dkt. 14) be DENIED and that petitioner's federal habeas petition be DENIED and this case DISMISSED, without an evidentiary hearing and with prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this Report and Recommendation.

DATED this <u>18th</u> day of November, 2009.

Mary Alice Theiler
United States Magistrate Judge